**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

Civil Action No.  0:20cv60059

ANDREA MEDALIE, individually and
On behalf of J.S.M., a minor;

      Plaintiffs,

v.

ANDREW J. ALONGI,
individually;
LOUIS SCHOLTZ, individually;
GREGORY TONY, in his official
capacity
as Broward County Sheriff; and
BROWARD COUNTY, a political
subdivision of the State of Florida,

      Defendants.

---

## CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff Andrea Medalie, by and through her attorneys, Thoele | Drach, complains against Defendants and requests trial by jury as follows:

### I.        JURISDICTION AND VENUE

1.        This is an action brought by Andrea Medalie, individually and on behalf of her minor child J.S.M., to vindicate profound deprivations of their constitutional rights caused by the illegal search of their residence and the illegal seizure of J.S.M.'s person.

2.        This action arises under the Constitution and laws of the United States, including

1

Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments.

3.     The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

4.     This case is instituted in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

5.     The events that give rise to this lawsuit took place at 8117 Emerald Avenue, Parkland, FL 33076 ("Residence") and in Broward County, Florida.

## II.     PARTIES

6.     Plaintiff Andrea Medalie ("Andrea Medalie") is the mother and guardian of J.S.M., and is a resident of Parkland, Florida.

7.     J.S.M. is a resident of Parkland, Florida and a survivor of the February 14, 2018 massacre at Marjorie Stoneman Douglas High School.   At all times relevant, J.S.M. was an unmarried minor who had not been emancipated.

8.     Defendant ANDREW J ALONGI ("Alongi") is a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the Broward County Sheriff's Office. Defendant Alongi is sued individually.

9.     Defendant LOUIS SCHOLTZ ("Scholtz") is a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the Broward County Sheriff's Office. Defendant Scholtz is sued individually.

10.    Defendant BROWARD COUNTY ("Broward County") is a political subdivision of the State of Florida, and is the legal entity responsible for itself and for the Broward County Sheriff's Office. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

11.    Defendant GREGORY TONY ("Tony") is a citizen of the United States and a resident of the State of Florida. Tony is sued in his official capacity as the Broward County Sheriff, employed by Broward County and/or the Broward County Sheriff's Office, and was at all time material acting under color of state law.

12.    As the Broward County Sheriff, Defendant Tony both exercised and delegated his final decision making power to the Division of Internal Affairs and others. On information and belief, the Broward County Sheriff also trained and supervised individual Defendants Alongi and Scholtz.

13.    Broward County and Tony are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

14.    Broward County is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Tony in his official capacity as the Broward County Sheriff, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

### III.    STATEMENT OF FACTS

15.    Plaintiff incorporates all of the preceding paragraphs, including the allegations

and photographs in the Introduction, as if they were fully set forth again at this point.

16.     On June 21, 2018 at 12:45A.M., J.S.M. was in bed asleep at his residence located at 8117 Emerald Avenue, Parkland, FL 33076.

17.     Alongi and Scholtz shined their flashlights in J.S.M.'s room before leaving to look in another window.

18.     When J.S.M. saw the flashlights shined in his room, he became terrified of the lurking persons outside and Facetimed his brother Matthew Medalie who also resides at the Residence.

19.     Matthew Medalie was awake and the light of his room on when Alongi and Scholtz then tapped on his window.

20.     Alongi and Scholtz proceeded to knock softly on the front door of the Residence despite the presence of an operational door bell and back-lit button.

21.     Matthew Medalie, unsure as to who was outside the Residence, went to the front door and opened it.

22.     Alongi and Scholtz asked Matthew Medalie to identify himself.

23.     Without a warrant, consent, or invitation, Alongi and Scholtz entered the Residence at 8117 Emerald Avenue, Parkland, FL 33076 and J.S.M.'s bedroom.

24.     At the time Alongi and Scholtz entered the Residence and J.S.M.'s bedroom, they did not have probable cause to believe that exigent circumstances were present[1] and they could

---

[1] In order to justify an exigent-circumstances search, the government bears the burden of "demonstrat[ing] both exigency and probable cause." *United States v. Holloway*, 290 F.3d 1331, 1337 (11th Cir. 2002). In the emergency-aid context, "the probable cause element may be satisfied where officers reasonably believe a person is in danger." *Id*. at 1338; *see also United States v. Timmann*, 741 F.3d 1170, 1178 (11th Cir. 2013) (probable cause satisfied where officers reasonably believe that someone "is seriously injured or threatened with such injury, and is in need of immediate aid" (quotation marks omitted)). Separately, the government must also demonstrate that the resulting search was "'strictly circumscribed' by the nature of the exigency that authorized it" and "limited to the areas where a person reasonably could be found." *Montanez v. Carvajal*, 889 F.3d 1202, 1209 n.4 (11th Cir. 2018) (*quoting Mincey v. Arizona*, 437 U.S. 385, 393 (1978)).

not reasonably believe that J.S.M. was in need of immediate aid:

a.    According to the Alongi's Report of Law Enforcement Officer Initiating

Involuntary Examination ("CF MH 3052"; Exhibit A), the only information that Alongi

and Scholtz had was that "[J.S.M.] was on snapchat talking about being depressed and

advised that on 07/01/2018 would be his last day."

b.  Alongi's Reporting Officer Narrative OCA 17-1806-000710 ("Reporting Officer

Narrative"; Exhibit B), states as follows:

On 06/21/18 at 0046 hours I was dispatched to 8117 Emerald Ave Parkland in reference
to a suicide threat, call for service. Caller, Sandra, advised that she was on snapchat and
that [J.S.M.] was threatening suicide on 07/01/18.

25.    There was approximately ten (10) days between June 21, 2018 when Alongi and

Scholtz entered the Residence and July 1, 2018.

26.    Alongi and Scholtz proceeded to J.S.M.'s room and began questioning him.

27.    Due to Alongi and Scholtz shining their light in his bedroom window and

subsequently entering his bedroom while armed, J.S.M. began to cry.

28.    Matthew Medalie was instructed by Alongi and Scholtz to wake up his mother

Andrea Medalie and her fiancé Dr. Mark Shachner to inform them that Alongi and Scholtz were

in J.S.M.'s bedroom.

29.    Alongi failed to complete the CF MH 3052. Florida Administrative Code 65E-

5.280, requires the form to be completed by law enforcement:

65E-5.280 Involuntary Examination.  (2) Law Enforcement. (a) If a law enforcement
officer, in the course of his or her official duties, initiates an involuntary examination, the
officer shall complete the mandatory form CF-MH 3052a, "Report of Law Enforcement
Officer Initiating Involuntary Examination," as referenced in subsection 65E5.260(1),
F.A.C.

30.    Alongi's claims in his CF MH 3052 that "Subject was asked what was wrong and

while crying he advised, "Everything". Subject states that he is depressed and wanted to talk with someone other than his family members about why he is depressed and wants to take his life. Subject was therefore Baker Acted."

31.     Alongi did not act in accordance with Chapter 394 of the Florida Statutes. The criteria include dangerousness and lack of voluntariness after conscientious explanation. Alongi failed to indicate on the CF MH 3052 that any explanation was given.

32.      Alongi failed to indicate on the CF MH 3052 whether J.S.M. refused voluntary examination and/or was unable to determine whether examination was necessary. Alongi attempted to justify his Baker Acting of J.S.M. stating that J.S.M. "wanted to talk to someone other than family." Even if taken as true, "wanting to talk with someone" is not part of the criteria to have a person involuntarily examined.

33.     Alongi did not act in accordance with Section 10.18.2(B) of the Broward Sheriff's Office manual which addresses deputies' procedures in Baker Act cases and requires compliance with Chapter 394 of the Florida Statutes. In that chapter, a law enforcement officer can only take a person into custody if they meet criteria for involuntary examination. Parts of the criteria are lack of voluntariness after conscientious explanation. The Reporting Officer Narrative says nothing about any explanation and it belies lack of voluntariness. Despite the Reporting Officer Narrative stating that J.S.M. nodded his head "yes" in response to a question about his suicidal wants, no witness there saw that nod. In fact, witnesses heard J.S.M. voice clearly the opposite intentions. Alongi falsified the Reporting Officer Narrative in attempt to protect himself.

34.     The Reporting Officer Narrative does not match the CF MH 3052 and further illustrates the inadvisability of this Baker Act. To reiterate, it belies lack of voluntariness and statements from those present indicate that a less restrictive environment was readily available.

Alongi knew this fact. J.S.M. was willing, coherent and understood that by leaving the home with Alongi, he [J.S.M.] would get to speak with a therapist immediately and would get his own private room due to his sadness.  Relying on Alongi's falsified representation, J.S.M. agreed to go with Alongi. J.S.M. did not have the capacity for consent. Alongi did not provide any details supporting a substantial likelihood that if left with family, J.S.M. would harm anyone or himself. J.S.M.'s parents did not consent to Alongi taking J.S.M. to a "special crisis unit for Marjory Stoneman Douglas High School students".[2]  When J.S.M.'s parents objected to Alongi taking J.S.M., Alongi specifically stated "You have no choice... If something were to happen it would be on me." Despite the Reporting Officer Narrative writing that J.S.M. nodded his head "yes" in response to a question about his suicidal wants, no witness there saw that nod. In fact, witnesses there heard J.S.M. voice clearly the opposite intentions. Alongi falsified the Reporting Officer Narrative in attempt to protect himself after Broward Sheriff's Office's response in the Marjory Stoneman Douglas High School debacle.

35.     On or about July 6, 2018, Alongi inexplicably returned uninvited to the Residence to again harass Plaintiff and J.S.M. Nothing in the BSO policy manual contemplates this return. No crime was being committed, and Alongi had no other business-related reason to return. When J.S.M. answered the door

36.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's and J.S.M.'s federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of Defendants Broward County and Tony acting under color of state law.

---

[2] When Alongi took J.S.M., J.S.M.'s continuous glucose monitor for his type I diabetes was running low on power and needed to be recharged and changed early in the morning.

37.     With deliberate indifference to the rights of citizens to be free from excessive force by police, and illegal searches and seizures, Defendants Broward County and Tony have ongoingly encouraged, tolerated, ratified, and acquiesced to the violation of the rights of citizens like Plaintiff and J.S.M. by:

    a.     failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force, searches, and seizures;

    b.     by failing to adequately punish unconstitutional uses of force, searches, and seizures;

    c.     by tolerating the use of unconstitutional force, searches, and seizures;

    d.     by ongoingly failing to properly or neutrally investigate citizen complaints of excessive force and unconstitutional searches and seizures; and,

    e.     by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

38.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendants Broward County and Tony to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, and to conduct illegal searches and seizures as well as to fail to supervise and to train deputies in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

39.     The Broward County Sheriff's Office, Division of Internal Affairs (hereinafter "DIA") routinely ratifies, acquiesces, rubber stamps, and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of unconstitutional searches and seizures and fabrication of evidence by the police force.

40.     Thus, on December 5, 2018 DIA Executive Officer Lt. Barry Lindquist, wrote that "After careful review of the preliminary investigative inquiry initiated in the above matter,

it has been determined that no misconduct issues can be identified."

41.     These final policy decisions by DIA in its role as the final delegated policy decision maker with respect to reviewing police misconduct create liability for Defendants Broward County and Tony.  They are also further evidence of the ongoing deliberately indifferent custom, habit, policy, decision, practice, training and supervision of the Defendants Broward County and Tony of tolerating and encouraging lawlessness and disregard for the federal rights of citizens among the Broward County Sheriff's Office force.

42.     On information and belief, Defendants Alongi and Scholtz may also have a history of citizen complaints and/or discipline.

43.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff and J.S.M. have been substantially injured. These injuries include, but are not limited to, loss of Constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional actions and concerted conduct of all these Defendants.

44.     Plaintiff and J.S.M. also continue to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks due to Defendants' illegal conduct described herein.

45.     Plaintiff and J.S.M. are also entitled to punitive damages on all of their claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## IV.   CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983 – Unlawful Entry of Residence in violation of the
### Fourth and Fourteenth Amendments
(Against Defendants Alongi and Scholtz)

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

46.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

47.     Plaintiff and J.S.M. in this action are each a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

48.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Broward County Sheriff's Office deputies and their acts or omissions were conducted within the scope of their official duties or employment.

49.     At the time of the complained of events, Plaintiff and J.S.M. had a clearly established Constitutional right under the Fourth Amendment to be secure from unreasonable searches of the Residence.

50.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to be secure from unreasonable searches of the Residence.

51.     Defendants Alongi and Scholtz entered the Residence without a search

warrant.

52.     Defendants Alongi and Scholtz entered J.S.M.'s room within the Residence without a search warrant.

53.     Defendants Alongi and Scholtz entered the Residence without an invitation.

54.     Defendants Alongi and Scholtz entered J.S.M.'s room within the Residence without an invitation.

55.     Defendants Alongi and Scholtz entered the Residence without exigent circumstances.

56.     Defendants Alongi and Scholtz entered J.S.M.'s room within the Residence without exigent circumstances.

57.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

58.     Defendants Alongi's and Scholtz's actions and unlawful entry of the Residence and J.S.M.'s room within the Residence, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

59.     Defendants Alongi's and Scholtz's actions and entry of the Residence and J.S.M.'s room within the Residence, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's and J.S.M.'s federally protected rights. The entry of the Residence and J.S.M.'s room within the Residence by these Defendant deputies shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff and J.S.M.

60.     Defendants engaged in the conduct described by this Complaint willfully,

11

maliciously, in bad faith, and in reckless disregard of Plaintiff's and J.S.M.'s federally protected constitutional rights.

61.     They did so with shocking and willful indifference to Plaintiff's and J.S.M.'s rights and their conscious awareness that they would cause Plaintiff and J.S.M. severe emotional injuries.

62.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's and J.S.M.'s injuries.

63.     These individual Defendants acted in concert and joint action with each other.

64.     The acts or omissions of the individual Defendants as described herein intentionally deprived Plaintiff and J.S.M. of their constitutional rights and caused them other damages.

65.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

66.     The individual Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff and J.S.M.

67.     As a proximate result of the individual Defendants' unlawful conduct, Plaintiff and J.S.M. have suffered actual emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the individual Defendants' unlawful conduct, Plaintiff and J.S.M. have incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

68.     Plaintiff and J.S.M. are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

69.     In addition to compensatory, economic, consequential and special damages, Plaintiff and J.S.M. are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff and J.S.M.

**COUNT II**
**42 U.S.C. § 1983 – Unlawful Detainment of J.S.M.'s person in violation of the Fourth and Fourteenth Amendments**
(Against Defendants Alongi and Scholtz)

70.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

71.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

72.     Plaintiff and J.S.M. in this action are each a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

73.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Broward County Sheriff's Office deputies and their acts or omissions were conducted within the scope of their official duties or employment.

74.     At the time of the complained of events, J.S.M. had a clearly established

constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

75.     J.S.M. also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

76.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

77.     Defendants Alongi's and Scholtz's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of J.S.M.

78.     Defendants Alongi's and Scholtz's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to J.S.M.'s federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of J.S.M.

79.     Defendants Alongi and Scholtz unlawfully seized J.S.M. by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining J.S.M. of his freedom.

80.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of J.S.M.'s federally protected constitutional rights.

81.     They did so with shocking and willful indifference to J.S.M.'s rights and their conscious awareness that they would cause J.S.M. severe physical and emotional injuries.

82.     The acts or omissions of all individual Defendants were moving forces behind J.S.M.'s injuries.

83.     These individual Defendants acted in concert and joint action with each other.

84.     The acts or omissions of Defendants as described herein intentionally deprived J.S.M. of his constitutional rights and caused him other damages.

85.     Defendants Alongi and Scholtz are not entitled to qualified immunity for the complained of conduct.

86.     Defendants Alongi and Scholtz at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to J.S.M.

87.     As a proximate result of Defendants Alongi's and Scholtz's unlawful conduct, J.S.M. has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

88.     As a further result of the Defendants Alongi's and Scholtz's unlawful conduct, Plaintiff and J.S.M. have incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

89.     On information and belief, J.S.M. may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

90.     In addition to compensatory, economic, consequential and special damages, Plaintiff and J.S.M. are entitled to punitive damages against Defendants Alongi and Scholtz

under 42 U.S.C. § 1983, in that the actions Defendants Alongi and Scholtz have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff and J.S.M.

## Count III
### Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments
(Against Defendants Broward County and Tony only)

91.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

92.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

93.     Plaintiff and J.S.M. in this action are citizens of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

94.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

95.     Plaintiff and J.S.M. had the following clearly established rights at the time of the complained of conduct:

a.     the right to be secure from unreasonable searches of the Residence and bedroom, under the Fourth Amendment;

b.     the right to be secure from unreasonable searches of the Residence and bedroom, under the Fourteenth Amendment;

c.     the right to be secure in their person from unreasonable seizure through excessive force, under the Fourth Amendment;

d.      the right to be secure in their person from unreasonable seizure through excessive force, under the Fourteenth Amendment;

e.      the right to bodily integrity and to be free from excessive force by law enforcement under the Fourth Amendment;

f.      the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

g.      the right to exercise their Constitutional rights of free speech under the First Amendment without retaliation.

96.      Defendants Broward County and Tony knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

97.      The acts or omissions of these Defendants, as described herein, deprived Plaintiff and J.S.M. of their Constitutional and statutory rights and caused them other damages.

98.      The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

99.      Defendants Broward County and Tony are not entitled to qualified immunity for the complained of conduct.

100.      Defendants Broward County and Tony were, at all times relevant, policymakers for the County of Broward and the Broward County Sheriff's Office, and in that capacity established policies, procedures, customs, and/or practices for the same.

101.      These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the Constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's and J.S.M.'s Constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

102.     Defendants Broward County and Tony have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the Constitutional rights of Plaintiff and J.S.M. and of the public.

103.     In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of Constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

104.     The deliberately indifferent training and supervision provided by Defendants Broward County and Tony resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants Broward County and Tony and were moving forces in the Constitutional and federal violation injuries complained of by Plaintiff and J.S.M..

105.     As a direct result of Defendants' unlawful conduct, Plaintiff and J.S.M. have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff and J.S.M. have incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

106.     On information and belief, J.S.M. may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be

ascertained in trial. Plaintiff and J.S.M. are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

107.    Finally, Plaintiff and J.S.M. seek appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the DIA of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## V.    PRAYER FOR RELIEF

Plaintiff and J.S.M. prays that this Court enter judgment for the Plaintiff and J.S.M. and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 10th day of January, 2020.

**THOELE | DRACH**

BY:     /s/ Justin Seth Drach
**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justindrach@drachlaw.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amandathoele@drachlaw.com
JUSTIN SETH DRACH, P.A.
7545 Centurion Parkway
Suite 303
Jacksonville, FL 32256
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Counsel for Andrea Medalie and J.S.M.*